IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOY M. HUTSON                                                                                               PLAINTIFF

V.                                                                       CAUSE NO. 3:11-CV-00113-CWR-FKB

MISSISSIPPI HOSPITAL ASSOCIATION
AND MHA SOLUTIONS, INC.                                                                         DEFENDANTS

## ORDER AFFIRMING MAGISTRATE JUDGE'S DECISION

The above-styled matter is before the Court at the behests of the plaintiff and the defendants, each of whom appeals from the Order of Magistrate Judge F. Keith Ball dated June 16, 2011.[1] The final brief submitted on the issues before the Court was filed on July 22, 2011. After reviewing the parties' arguments and the authority governing appeals from a magistrate judge's decision, this Court has concluded that both appeals must be rejected and the underlying Order affirmed.

## FACTS AND PROCEDURAL HISTORY

Joy Hutson (hereinafter "Hutson") is a former employee of the Mississippi Hospital Association (hereinafter "MHA"). She alleges that in May 2009, she reported to the MHA's president "an ongoing pay disparity between [MHA]'s male and female employees."[2] In time,

---

[1] Order [Docket No. 28]; Defendants' Appeal of Magistrate Judge Decision to District Court [Docket No. 31] (hereinafter "defendants' brief"); Plaintiff's Appeal and Objections to Ruling of the Magistrate Judge's Order of June 16, 2011 (hereinafter "plaintiff's brief") [Docket No. 35].

[2] Complaint [Docket No. 1] at 4.

1

Hutson was demoted[3] and ultimately terminated on March 1, 2010.[4]

After receiving a right-to-sue letter from the Equal Employment Opportunity Commission in February 2011,[5] Hutson filed suit on February 24, 2011, for violation of Title VII of the Civil Rights Act of 1964.

But in December 2009, prior to her termination, Hutson forwarded a series of e-mails regarding her then-ongoing troubles to her attorney. The e-mails contained some financial information regarding other employees, and on March 21, 2011 – prior even to filing an Answer[6] – MHA petitioned the Court for several forms of relief, including the return of the e-mails, the disqualification of Hutson's attorney, sanctions against Hutson herself, and dismissal of the entire lawsuit.[7] Hutson, of course, opposed the requests.[8]

On June 16, 2011, Magistrate Judge Keith F. Ball entered an Order[9] denying most of MHA's requests. However, to the extent that MHA sought the return of the e-mails in question,

---

[3] Complaint at 7.

[4] Complaint at 11.

[5] Exhibit B to Complaint [Docket No. 1-3].

[6] Some six months after this case's institution, the defendants still have not filed their answers to the Complaint, but the underlying action has spawned litigation in another court initiated by the defendants. *See* Exhibit A to Plaintiff's Rebuttal to Defendants' Response to Plaintiff's Appeal and Objections to Ruling of the Magistrate Judge's Order of June 16, 2011 [Docket No. 45-1].

[7] Motion to Disqualify Plaintiff's Counsel, for Sanctions, and to Stay Case [Docket No. 5]; Motion to Disqualify Plaintiff's Counsel, for Sanctions, and to Stay Case [Docket No. 9].

[8] Plaintiff's Response in Opposition to Defendants' Motion to Disqualify Plaintiff's Counsel, for Sanctions, and to Stay Case [Docket No. 15].

[9] Order [Docket No. 28].

Judge Ball granted the Motion for Sanctions in part.[10] Judge Ball also granted MHA's request to seal the documents.[11]

Both parties have appealed Judge Ball's decision. MHA argues that Judge Ball erred by not entering sanctions,[12] and Hutson contends centrally that Judge Ball erred[13] by ordering the return of the e-mails.

## ANALYSIS

Under Rule 72 of the Federal Rules of Civil Procedure, the decisions of a magistrate judge regarding a nondispositive issue should not be modified unless the decision "is clearly erroneous or is contrary to law."[14] But where a magistrate judge considers an issue that is potentially dispositive of a case, a party's objections to his decision must be reviewed *de novo*.[15]

In the case at bar, the great bulk of MHA's original Motion for Sanctions addresses matters that are unquestionably nondispositive – namely, disqualification Hutson's attorney, penalties against Hutson herself, the return of the disputed e-mails, the sealing of the e-mails, and costs and fees. Obviously, neither the granting nor the refusal of those requests would have affected the merits of the case, and to the extent that Judge Ball's Order concerns those requests, his conclusions are subject to review for clear error.

---

[10] Order at 7-8.

[11] Order at 8.

[12] Defendants' brief.

[13] Plaintiff's brief.

[14] Fed. R. Civ. P. 72(a).

[15] Fed. R. Civ. P. 72(b)(3).

Such a review reveals no reason to disturb the magistrate judge's decisions. Clear error exists only if a reviewing court is "left with a definite and firm conviction that a mistake has been committed."[16] But the Order in question contains no legal conclusions that scream out for correction. The decision to grant or to deny sanctions is one left to the court's sound discretion,[17] and although MHA clearly feels passionately about its position, it has offered no authority suggesting that Judge Ball would have erred clearly by any course of action but to grant MHA's motion in full.[18]

Likewise, Hutson provides no authority suggesting that the magistrate judge enjoyed no authority to command the return of the e-mails. Clear error exists when the deciding court had, in truth, "no choice"[19] but to rule as the aggrieved party urged. This Court agrees that, in the fullness of time, the e-mails at issue *will be* discoverable,[20] but this Court likewise finds no clear

---

[16] *United States v. Brown*, ___ F.3d ___, 2011 WL 3524412, *6 (5th Cir. Aug. 12, 2011) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[17] *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010).

[18] This Court notes that although the defendants styled their prayer for relief as a "Motion to Disqualify Plaintiff's Counsel, for Sanctions, and to Stay Case," the magistrate judge delivered his ruling under the simple styling of "Order." Judge Ball ultimately "denie[d] defendants' motion . . . , except that the court order[ed] that plaintiff return all documents belonging to defendants, including all copies in any form, within ten days of entry of this order." Order at 7. Moreover, the Order contains no invocation of Rule 11 or Rule 37 of the Federal Rules of Civil Procedure. In sum, this Court views the magistrate judge's Order as one that declined the defendants' invitation to impose sanctions against plaintiff's counsel. Like all nondispositive matters reached by the Order, that ruling is reviewed for clear error and, ultimately, this Court affirms the magistrate judge's decision not to impose sanctions.

[19] *Hilton v. Ashland Oil Inc.*, 103 F.3d 124, *9 (5th Cir. 1996).

[20] MHA acknowledges and virtually concedes this point by explaining in one of its briefs that it "generally agrees with Plaintiff's statement that 'the type of information here at issue is the

error in Judge Ball's decision to require that Hutson maneuver the typical rules of discovery by which all parties are bound. Hutson offers no authority for the proposition that Judge Ball was under an inexorable legal obligation to permit Hutson to keep the e-mails in question, and without any, this Court cannot conclude that Judge Ball's decision rested on clear error.

However, the parties both argue that the forgiving clear-error standard of review does not govern the whole of Judge Ball's order.[21] Under Rule 72(b), dispositive matters must be reviewed *de novo* with no deference afforded to the magistrate judge's treatment. Typically, orders regarding requests for sanctions are nondispositive in nature.[22] But "[t]he imposition of certain sanctions under Rule 37, in some instances, may be considered case-dispositive, requiring *de novo* review."[23] Judge Ball's Order only passingly mentioned MHA's prayer for dismissal of Hutson's case,[24] and he did not mention the request at all within his conclusions. But because MHA explicitly requested dismissal and because Judge Ball did not grant the request, a portion

---

type of information here that is produced throughout a discrimination claim'. . . .**through discovery** . . . . MHA probably would have produced much of the information in Motion Exhibit 1in response to a proper discovery request . . . ." Defendant's Reply to Plaintiff's Response to Motion to Disqualify Plaintiff's Counsel, For Sanctions, and to Stay Case [Docket No. 22] at 8 (emphasis in original).

[21] Plaintiff's brief at 2; Defendants' Response to Plaintiff's Appeal and Objections to Ruling of the Magistrate Judge's Order of June 16, 2011 [Docket No. 42] at 2.

[22] *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) (addressing Rule 37 sanctions); *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (addressing Rule 11 sanctions). Although the discovery process in this case obviously has not begun, MHA's allegations against Hutson and her attorney more cleanly fit under Rule 37 than under Rule 11, which centrally addresses impropriety regarding pleadings.

[23] *Kiobel v. Millson*, 592 F.3d 78, 97 (2nd Cir. 2010) (quoting *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2nd Cir. 1990)).

[24] Order at 3.

of his Order denied relief on a dispositive question, and this Court should review that limited issue *de novo*.

Dismissal with prejudice under Rule 37 is the death penalty of discovery-related sanctions. It exists "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."[25] Factors to be considered include (1.) whether the offending party acted with "flagrant bad faith,"[26] (2.) whether the offending party has been afforded previous warnings regarding its conduct,[27] (3.) and whether the offense prejudiced the nonoffending party.[28] Even when sanctions are appropriate, "the courts should impose sanctions no more drastic than those actually required to protect the rights of other parties . . . ."[29]

Even accepting the facts in the light cast by MHA, the circumstances at hand do not warrant dismissal. This is not a case of a low-level employee breaking into a superior's office after hours and hacking into a restricted e-mail account or rifling through desk drawers. In contrast, these e-mails were Hutson's e-mails. The information contained therein was information to which she was privy. Hutson and her attorney have not indicated any intent to disobey Judge Ball's Order, and MHA has not illustrated that it has suffered prejudice as a result

---

[25] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).

[26] *Id.* at 640.

[27] *Id.* at 641.

[28] *Id.* at 640.

[29] *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970).

of the episode.[30]

These factors all weighing against a sanction of dismissal, this lone dispositive portion of Judge Ball's order is affirmed even upon *de novo* review.

## CONCLUSION

Judge Ball's Order should be affirmed against both parties' appeals. The portions regarding nondispositive matters contain no clear error, and on the limited issue of dismissal, a *de novo* review likewise reveals no error. Therefore, both appeals are rejected, and the magistrate judge's order is affirmed.

ADDITIONALLY, the Court orders that, upon compliance with the terms of Judge Ball's Order, counsel for the plaintiff shall file a Certificate of Compliance averring that *all* copies of the documents at issue, regardless of form, have been returned to the defendants. Plaintiff shall return the documents within ten days of the entry of this Order. Furthermore, both the Motion to Stay[31] filed by MHA and the Motion to Vacate[32] filed by Hutson are denied as moot.

SO ORDERED this Twenty-Fourth day of August 2011.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[30] Once Hutson obtains the documents in response to a discovery request, as MHA concedes should happen, *see* n.20, *supra*, the parties can enter into a protective order protecting the portions of the documents deemed to be confidential or proprietary.

[31] Motion to Stay [Docket No. 32].

[32] Plaintiff's Motion to Vacate Order [Docket No. 33].