IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOY M. HUTSON                                                                            PLAINTIFF

V.                                          CAUSE NO. 3:11-CV-00113-CWR-FKB

MISSISSIPPI HOSPITAL ASSOCIATION
AND MHA SOLUTIONS, INC.                                       DEFENDANTS

## ORDER DENYING CERTIFICATION OF INTERLOCUTORY APPEAL

The above-styled matter is before the Court on the motion of the defendants to certify an order denying imposition of sanctions for an interlocutory appeal. After having considered the issues presented and the authority governing the question, the Court has determined that the motion should be denied.

## PROCEDURAL HISTORY

This action began on February 24, 2011, when Joy Hutson (hereinafter "Hutson") filed suit against the Mississippi Hospital Association and MHA Solutions, Inc. (hereinafter collectively "MHA"), for various causes of action arising out of the defendants' decision to terminate her as their Vice President of Solutions and Director of Human Resources.[1]

On March 21, 2011, MHA moved to disqualify Hutson's attorney, Dennis Horn, and asked the Court to impose sanctions.[2] MHA alleged that in preparation for litigation, Horn "requested and encouraged [Hutson] to take copies of MHA's confidential business documents in violation of MHA's rights, in violation of MHA's confidentiality policy, and in violation of the

---

[1] Complaint [Docket No. 1] at 3.

[2] Motion to Disqualify Plaintiff's Counsel, for Sanctions, and to Stay Case (hereinafter "Motion to Disqualify") [Docket No. 9].

1

proper discovery process under the Federal Rules of Civil Procedure."[3] Specifically, MHA alleged that prior to initiating this suit and at the behest of her attorney, Hutson "sent a series of emails to her attorney that contained confidential MHA business information and documents."[4] The documents at issue "includ[ed] MHA employees' salaries, bonuses, raises, personnel issues, 401(k) retirement plan contributions, etc."[5] In MHA's view, Hutson's counsel thereby violated Rules 4.4(a) and 8.4(a) of the Mississippi Rules of Professional Conduct, and MHA urged the Court to disqualify Hutson's attorney and to exclude the documents from the case.

The matter was referred to the magistrate judge, who ultimately denied that request.[6] In an Order entered on June 16, 2011, Judge Ball noted that even MHA agreed that the information at issue ultimately would have been discoverable,[7] and he denied MHA's motion in full except for the limited purpose of requiring that Hutson's attorney return the documents to MHA and to pursue them through standard discovery requests.[8]

MHA appealed Judge Ball's decision to the district court, which affirmed the ruling.[9]

## ANALYSIS

MHA now petitions this Court for an amendment to its August 24 Order "to state that the

---

[3] Motion to Disqualify at 1.

[4] Memorandum in Support of Motion to Disqualify Plaintiff's Counsel, for Sanction, and to Stay Case (hereinafter "Motion to Disqualify memo") [Docket No. 10] at 4.

[5] Motion to Disqualify memo at 5.

[6] Order of Judge Ball [Docket No. 28].

[7] Order of Judge Ball at 5.

[8] Order of Judge Ball at 7-8.

[9] Order Affirming Magistrate Judge's Decision [Docket No. 47].

Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation, pursuant to 28 U.S.C. § 1292(b)."[10]

When a district court's interlocutory orders do not amount to final decisions, appeals therefrom are governed by Title 28, Section 1292 of the United States Code, which provides, in relevant part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order[.][11]

In MHA's view, the Court's August 24 Order satisfies these exacting requirements. According to MHA, "[i]f the Fifth Circuit dismisses [Hutson]'s claims as a sanction for taking copies of MHA's confidential business documents, then this decision would end this litigation."[12]

Hutson rests her opposition to MHA's motion on the Supreme Court's decision in *Firestone Tire and Rubber Company v. Risjord*, in which the Court held that a district judge's order declining to disqualify counsel "is not subject to appeal prior to resolution of the merits."[13] However, that decision was reached in the context of Title 28, Section 1291, which vests

---

[10] Defendants' Motion for Certification of an Interlocutory Appeal Under 28 U.S.C. § 1292(b) (hereinafter "Defendants' Motion to Certify") [Docket No. 52].

[11] 28 U.S.C. 1292(b).

[12] Defendants' Motion to Certify at 4.

[13] *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375 (1981).

3

jurisdiction in the courts of appeals over "appeals from all final decisions of the district courts of the United States."[14] In *Firestone*, the Court reiterated its longstanding requirement that interlocutory appeals be permitted under Section 1291 only when a decision is "effectively unreviewable on appeal from a final judgment"[15] and held centrally that "[a]n order refusing to disqualify counsel plainly falls within the large class of orders that are indeed reviewable on appeal after final judgment, and not within the much smaller class of those that are not."[16]

In contrast, Section 1292(b) allows for the possibility of appeal from "an order," and nothing within Section 1292(b) requires that the order to be appealed must amount to a final decision. Even the *Firestone* Court observed that "a party may seek to have the question [of attorney disqualification] certified for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b)."[17] Hutson's reliance on *Firestone* is therefore unpersuasive.

However, MHA's motion nevertheless must be denied. In the same breath that it acknowledged the avenue of relief, the *Firestone* Court called the species of interlocutory appeal now pursued by MHA an "extraordinary procedure[ ]." Additionally, federal courts recognize a "general policy against piecemeal appeals."[18] Therefore, exceptions to the general rule that

---

[14] 28 U.S.C. § 1291.

[15] *Id.* at 376.

[16] *Firestone*, 449 U.S. at 377.

[17] *Id.* at 378 n.13.

[18] *Switzerland Cheese Ass'n v. E. Horne's Market, Inc.*, 351 F.2d 552, 553 (1st Cir. 1965).

appeals lie only from final judgments "are limited and must be strictly construed."[19]

Such a construction leaves MHA well short of the "high bar that would entitle it to an interlocutory appeal."[20] Section 1292(b) may be invoked to certify an interlocutory appeal from an order when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion . . . ." There is no such question of law at play here. Centrally, the question at issue is whether Hutson's attorney violated Rule 4.4(a) and/or Rule 8.4(a) of the Mississippi Rules of Professional Conduct.[21] Neither Judge Ball, in his June 16 Order, nor the district court in its August 24 Order accepted MHA's argument to the contrary. Rule 4.4(a) establishes that "[i]n representing a client, a lawyer shall not . . . use methods of obtaining evidence that violate the legal rights of [a third party]." For the more than seven months in which MHA has pursued this effort, it has never addressed a legal right that lies violated by Hutson's disclosures to her attorney; its references to the MHA Employee Handbook illustrate that her actions may very well have violated company policy,[22] but that is a far cry from a violation of a legal right. Likewise, Rule 8.4(a) forbids an attorney from "violat[ing] or attempt[ing] to violate the rules of professional conduct . . . or do[ing] so through the acts of another." But at most, MHA has shown that Hutson and her attorney violated company policy. Even if true, such an episode would not implicate the Rules of Professional Conduct.

---

[19] *Matterhorn, Inc. v. NCR Corp.*, 727 F.2d 629, 633 (7th Cir. 1984).

[20] *Royal Sun Alliance Ins., PLC v. TA Operating LLC*, 2011 WL 2416886, *6 (S.D.N.Y. June 15, 2011).

[21] Motion to Disqualify memo at 8.

[22] Motion to Disqualify memo at 2-3.

MHA's inability to cite specific legal authority establishing a "legal right" against Hutson's disclosure speaks for itself.[23] There can be no violation of a legal right, much less a "substantial ground for difference of opinion" thereon, where no legal right at all has been put forward.

Even if MHA were correct in its argument that Hutson's attorney had violated ethical guidelines, such a determination would not "materially advance the ultimate termination of the litigation." MHA argues that if an appeal leads to a determination that plaintiff's counsel violated his ethical obligations, then the Fifth Circuit would dismiss Hutson's claims. This is an enormous logical leap that overlooks a critical point: namely, that even if the Fifth Circuit determined that an ethical violation had occurred, only then would the question of sanctions arise, and dismissal would be but one possibility – and, it should go without saying, the severest one fashionable. If an ethical violation had occurred, then Hutson and her attorney might be subject to sanctions, but that is a matter on which even MHA agrees that a district court enjoys "considerable

---

[23] *See* Motion to Disqualify memo at 9 ("MHA has a legal right to keep confidential business documents and information confidential; such confidential information includes salaries, bonuses, 401(k) plans, personnel files, performance evaluations, etc.") (no citation to legal authority); Motion to Disqualify memo at 10 ("Thus Mr. Horn asked Hutson to obtain potential evidence from MHA; this violated MHA's legal right to keep its business and personnel information confidential.") (no citation to legal authority); Motion to Disqualify memo at 11 ("Horn clearly requested that Hutson obtain evidence by violating the legal rights of MHA, instead of using appropriate discovery methods.") (no citation to legal authority); Motion to Disqualify memo at 15 ("Rule 4.4 adequately warned Mr. Horn not to violate the legal rights of MHA and warned him to inquire into whether Hutson taking the documents from MHA would violate any of MHA's legal rights to the documents.") (no citation to legal authority); Motion to Disqualify memo at 23 ("Because the Plaintiff and her attorney would not agree to return the documents, the Defendants were forced to file this Motion to protect their legal rights . . . .") (no citation to legal authority).

discretion,"[24] and a finding of ethical lapses would not require demand exclusion of the evidence in question. On this, there simply is no substantial ground for difference of opinion.

Additionally, even if MHA won the disqualification of Hutson's attorney and the exclusion of the documents in question, then such an outcome still would not guarantee a material advancement of the litigation.[25] Hutson would be permitted to hire a new lawyer, and even if that attorney were forbidden to use the *documents* that MHA attacks, Hutson still would not be precluded from conducting discovery on the *subject matter* addressed by those documents. Therefore, even if MHA appealed to the Fifth Circuit and won, there is no certainty (or even a likelihood) that such a decision would result in MHA's ultimate victory in this case.

If MHA truly believes that its legal rights have been compromised, then it is not without other avenues of recourse. "To the extent mandamus relief may be available, the parties are free to seek such relief should they consider it appropriate. However, this Court does not intend to revisit the disqualification issue,"[26] and barring such an extraordinary turn of events, the Court finally views this matter as a closed question. MHA's motion is denied.

SO ORDERED this Twenty-Second day of November 2011.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[24] Motion to Dismiss memo at 8-9 (quoting *Glynn v. EDO Corp.*, 2010 WL 3294347, *2 (D. Md. 2010).

[25] *Green v. Admin'rs of Tulane Educ. Fund*, 1998 WL 61041, *1 (E.D. La. 1998) (denying motion under Section 1292(b) when interlocutory appeal would not materially advance the ultimate termination of the litigation).

[26] *Hill v. Hunt*, 2008 WL 4108120, *19 (N.D. Tex. 2008).